NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIVE ECOSYSTEMS COUNCIL;
ALLIANCE FOR THE WILD ROCKIES;
COUNCIL ON WILDLIFE AND FISH,

       Plaintiffs - Appellants,

 v.

AARON WEBBER, Townsend District
Ranger, Helena Lewis & Clark National
Forest; EMILY PLATT, Supervisor, Helena
Lewis & Clark National Forest; LEANNE
MARTEN, Regional Forester, U.S. Forest
Service Northern Region; UNITED
STATES FOREST SERVICE; UNITED
STATES FISH & WILDLIFE SERVICE,

       Defendants - Appellees,

SUN MOUNTAIN LUMBER, INC.,

       Intervenor-Defendant -
Appellee.

No. 25-4008

D.C. No.
9:25-cv-00025-DLC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted February 12, 2026

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: W. FLETCHER, PAEZ, and BUMATAY, Circuit Judges.

Native Ecosystems Council, Alliance for the Wild Rockies, and Council on Wildlife and Fish ("Plaintiffs") appeal the district court's denial of their motion for a preliminary injunction enjoining logging and road construction operations associated with the U.S. Forest Service's Wood Duck Project ("the Project"). Plaintiffs raise several claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, the National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600 *et seq.*, and the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*

We review the denial of a motion for preliminary injunction for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "To obtain a preliminary injunction, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Earth Island Inst. v. Muldoon*, 82 F.4th 624, 631 (9th Cir. 2023) (internal quotations and citation omitted). Plaintiffs alternatively can satisfy the first element "by raising serious questions going to the merits if the balance of hardships tips sharply in [their] favor." *Id.* (citation modified). Because Plaintiffs fail to raise at least serious questions going to the merits, we affirm. *See id.* at 640.

1. Plaintiffs allege multiple procedural violations under NEPA and NFMA. First, Plaintiffs argue that the Forest Service failed to disclose required information in the Project's Decision Notice, in violation of NFMA. *See* 36 C.F.R. § 219.15(d) ("A project or activity approval document must describe how the project or activity is consistent with applicable plan components . . . ."). But the Forest Service's decision document incorporates by reference a "Consistency Table" that identifies and explains that the Project complies with all relevant Forest Plan desired conditions and guidelines. At the time of the project's approval in April 2024, no more was required. *See* 40 C.F.R. § 1501.12 (2024) (NEPA authorizing incorporation by reference); 36 C.F.R. § 219.14(a) (2024) (NFMA regulations requiring decision documents to utilize NEPA procedures).

Second, Plaintiffs assert that the Forest Service failed to satisfy NEPA by failing to adequately consider and address the comments received from Montana Fish, Wildlife, and Parks ("Montana FWP") during the initial public comment period. But the Forest Service disclosed Montana FWP's comments in a public comments table incorporated by reference within the Project's Environmental Assessment. And the Forest Service responded to the comments, including by making several alterations to the final project design. This was sufficient under NEPA and the APA.

2. Next, Plaintiffs challenge the Forest Service's substantive compliance with

NFMA. Plaintiffs assert that the Project does not comply with the Forest Plan's Desired Conditions 1 and 4 and Guideline 1.

Desired Conditions 1 and 4 relate to the management of elk. A project complies with a desired condition if it "contributes to the maintenance or attainment" of the condition or "does not foreclose the opportunity to maintain or achieve" the desired condition "over the long term." 36 C.F.R. § 219.15(d)(1). As reflected in the Consistency Table and the project Elk Report, while elk security in the area is low, the Forest Service reasonably concluded that the Project would not foreclose achievement of either Desired Condition over the long term. Further, the Forest Service considered Montana FWP's comments (which did not contend that the preliminary project design would foreclose future attainment of the two desired conditions), made alterations to the Project's scope and design, and offered reasoned bases for concluding the Project would comply with the Forest Plan's desired conditions.

Guideline 1 directs the Forest Service to coordinate with Montana FWP to reduce the displacement of big game species during the archery and rifle hunting seasons and to follow scientific information and current agency and interagency efforts, such as the Eastside Assessment. A project complies with a forest plan's guideline if the project "[i]s designed in a way that is as effective in achieving the [guideline's] purpose." 36 C.F.R. § 219.15(d)(3). The record shows that the Forest

25-4008

Service provided a reasoned basis for concluding that the Project would comply with Guideline 1. The Consistency Table describes the agency's commitment to "coordinate with" biologists at Montana FWP prior to implementation. Other design features limit the public's access to roadways and limit project activity during portions of the rifle and archery hunting seasons. And the Forest Service consulted the Eastside Assessment in analyzing canopy cover and determining elk analysis units. Other scientific studies were considered in mapping habitats and analyzing elk security. Further, Montana FWP's comments do not show noncompliance with Guideline 1. The guideline requires consultation, not approval. And the Forest Service revised the project design to address recommendations raised by Montana FWP. Montana FWP declined to object to the revised project plan.

**AFFIRMED.**